The Honorable Christopher M Alston
Chapter 13
Hearing Date: March 10, 2016
Hearing Time: 9:30AM
Location: Seattle
Response Date: March 3, 2016

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **In re:** | **Case No.: 16-10516-CMA** |
| **LYDIA LUTAAYA,** | **Chapter 13** |
| **Debtor.** | **MOTION FOR RELIEF FROM STAY** |

Boeing Employees' Credit Union ("BECU") moves this Court for an order terminating the automatic stay pursuant to 11 U.S.C § 362(d), allowing BECU to remove the Debtor from real property owned by BECU, commonly known as 3001 SE 10th St #1013, Renton, WA 98058 ("Property") and legally described as:

UNIT 1013, BUILDING 4, OF SHADOW HAWK 1, A CONDOMINIUM RECORDED IN VOLUME 183 OF CONDOMINIUMS, PAGES 87 THROUGH 95, INCLUSIVE, ACCORDING TO THE DECLARATION THEREOF, RECORDED UNDER KING COUNTY RECORDING NO. 20020812001719 AND ANY AMENDMENTS THERETO.

If this Court finds that the Debtor is not protected by the automatic stay, then BECU request an order in the alternative stating that the automatic say does not apply.

BECU also requests that this court toll the Writ of Restitution so that it does not expire during the bankruptcy.

BECU also moves the Court that enforcement of this order not be stayed for fourteen (14) days pursuant to F.R.B.P. 4001(a)(3).

This motion is made on the grounds that: (1) BECU has already sold the property at a non-judicial foreclosure on or about September 11, 2015; (2) That the Debtor has no protection under the automatic stay under 11 USC § 362(b)(22) and the recent 9th Circuit holding in In Re Sholem Perl; (3) and that by filing bankruptcy, the Debtor has postponed an eviction, therefore BECU's Writ of Restitution should be tolled while the Debtor enjoys the protection of the automatic stay.

**Obligation and Collateral.** BECU was the holder and owner of a promissory note in the original amount of $275,000.00 executed on October 19, 2006, by Lydia Lutaaya, A single woman, as her

MOTION FOR RELIEF FROM STAY - 1

BECU Legal/Recovery Department
PO Box 97050
Seattle, WA 98124-9750
Telephone: 206-805-5630 Fax: 206-835-8044

Case 16-10516-CMA    Doc 22    Filed 02/18/16    Ent. 02/18/16 13:12:08    Pg. 1 of 3

separate estate. This note was secured by a Deed of Trust of even date on the real property described herein. The Debtor failed to make payments on her mortgage and BECU commenced a non-judicial foreclosure.

**Status of Loan, Foreclosure, and Eviction.** The property was sold at auction through the non-judicial foreclosure process on or about September 11, 2015. The property reverted back to BECU.

BECU obtained a Writ of Restitution and scheduled an eviction on or about February 10, 2016. The Debtor commenced this bankruptcy filing on February 2, 2016. On the morning of the eviction the Sheriff declined to carry out the eviction because of the bankruptcy filing.

**A Continuation of an Unlawful Detainer Action is an exception to the Automatic Stay.** Bankruptcy law recognizes that the automatic stay is not absolute and has enumerated instances where the filing of a bankruptcy petition does not operate as a stay. 11 USC § 362(b)(22) specifically addresses the continuation of any eviction, unlawful detainer action, or similar proceeding. BECU's action to remove the Debtor from the property should not be stayed by this bankruptcy filing.

**In Re Sholem Perl.** The 9th Circuit Court of Appeals recently decided this exact matter in Eden Place, LLC v. Perl *(In re Perl), Case No. 14-60039, 2016 U.S. App. LEXIS, at \*20-21 (9th Cir. Jan. 8, 2016).*

The debtor, Perl, refused to vacate a property after a non-judicial foreclosure sale. The purchaser of the property received a judgment on an unlawful detainer action and obtained a writ of possession. Perl filed a chapter 13 bankruptcy petition pro se, but the purchaser proceeded to evict Perl prior to a motion for relief hearing. At the hearing the bankruptcy judge determined that Perl had a possessory interest in the premises and that the Purchaser had violated the automatic stay.

On the purchaser's appeal, the BAP held that Perl's ownership interest was terminated prepetition because of the trustee's sale. Nevertheless, the BAP held that Perl had a recognizable equitable interest in the property by virtue of his physical occupancy, notwithstanding the illegality of his continued occupancy

The purchaser appealed again to the 9th Circuit. The court held that unlawful detainer judgment and writ of possession bestowed legal title and all rights of possession to the purchaser. Thus, at the time of the filing of the bankruptcy petition, Perl had been completely divested of all legal and equitable possessory rights that would otherwise be protected by the automatic stay.

MOTION FOR RELIEF FROM STAY- 2

BECU Legal/Recovery Department
PO Box 97050
Seattle, WA 98124-9750
Telephone: 206-805-5630 Fax: 206-835-8044

This current bankruptcy petition is the exact same circumstance as Perl. Property sold at a non-judicial foreclosure. BECU obtained an order awarding possession and the court clerk issued a writ of restitution on or about January 5, 2016. The Debtor now seeks protection by filing a Chapter 13 bankruptcy.

**The Writ of Restitution should be tolled.** Regardless of whether or not the Debtor is actually protected by the automatic stay, the Debtor delayed her eviction by filing bankruptcy because the Sheriff would not evict the Debtor without an order granting relief from stay. Accordingly, because the Debtor has received protection from the Order Awarding Possession, the expiration of the Writ of Restitution should also be tolled so that the Sheriff can execute the writ after an order granting relief from the automatic stay is entered.

The writ was issued on January 5, 2016, and due to expire on February 14, 2016, cause number 15-2-27549-6 KNT. The Debtor filed this bankruptcy petition on or about February 2, 2016. Therefore, BECU's Writ of Restitution should not expire until 12 days after this order is entered.

**Prayer of Relief**

BECU respectfully requests that this court enter an order that:

1) Grants BECU relief from the automatic stay so that BECU may remove the Debtor from the Property;
2) Tolls the expiration date of the Writ of Restitution entered on January 5, 2016, so that the writ does not expire until 12 days after an order granting relief is entered; and
3) In the alternative, finds that the Debtor is not protected from eviction by the automatic stay and that the Writ of Restitution entered on January 5, 2016, does not expire until 12 days after an order granting relief is entered.

This motion is based on the Declaration of Binh Nguyen, and the records and files herein. A proposed order is attached.

Dated this ___*18th*___ day of February, 2016.

BOEING EMPLOYEES' CREDIT UNION

By: */s/ Ryan Ko*
Ryan Ko
WSBA #40830
Attorney for BECU

MOTION FOR RELIEF FROM STAY - 3

BECU Legal/Recovery Department
PO Box 97050
Seattle, WA 98124-9750
Telephone: 206-805-5630  Fax: 206-835-8044

Case 16-10516-CMA    Doc 22    Filed 02/18/16    Ent. 02/18/16 13:12:08    Pg. 3 of 3